IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **Robin Enman,** | |
| **Plaintiff,** | Case No. 2:14-cv-00474 |
| v. | Judge: George C. Smith |
| **EveryWare Global, Inc. and Anchor Hocking, LLC,** | Magistrate Judge: Mark R. Abel |
| **Defendants.** | |

**STIPULATED PROTECTIVE ORDER**

IT IS HEREBY STIPULATED AND AGREED, by and among counsel for the parties, and subject to the approval of the Court, that the following Stipulated Protective Order ("Order") shall govern the designation, disclosure, and use of information, documents, or things produced or exchanged during discovery in this matter pursuant to Rule 26(c) of the Federal Rules of Civil Procedure.

**Nature of Protected Information**

1. For the purposes of this Order, the term "producing party" means the party or third party who produces or provides information, documents, or things in discovery in this matter within the scope of Fed. R. Civ. P. 34 or otherwise, and the term "receiving party" means the party or third party who receives such information, documents, or things.

2. "Confidential" information means non-public marketing, financial, sales, market share, human resources, and/or other business or commercial information, as well as non-public personal information subject to confidential treatment under Fed. R. Civ. P. 26, including but not limited to medical files and information. "Confidential" information may include,

without limitation, (a) information, documents, or things produced or exchanged in this action in formal discovery or otherwise; (b) information, documents, or things produced by non-parties who are the subject of discovery in this action that the non-parties are under an obligation to maintain in confidence; (c) answers to interrogatories and responses to requests for admission or other discovery requests; (d) deposition, hearing, or trial transcripts; and (e) any other documents or information that should otherwise be subject to confidential treatment under Fed. R. Civ. P. 26.

      3.    A producing party may designate as "Confidential" only information that the producing party in good faith reasonably believes meets the requirements of Paragraph 2 above.

      4.    Any copies, analyses, notes, abstracts, extracts, summaries, memoranda, or other writings or documents that contain, reflect, reveal, suggest, or otherwise disclose the substance or content of any "Confidential" information shall also be deemed to be "Confidential" under this Order.

      5.    This Order is not intended to apply to information that, in fact, has not been maintained by a party or non-party on a confidential basis. Accordingly, the parties agree that no information, document, or thing shall be designated, regarded, or treated as "Confidential" if:

      (a)    it is in the public domain or generally available to the public at the time of production or disclosure; or

      (b)    it becomes part of the public domain or generally available to the public through no fault of the receiving party; or

-2-

(c) the receiving party can show that the information was otherwise in its rightful and lawful possession at the time of production or disclosure.

6. A producing party at any time may remove the "Confidential" designation from any information, document, or thing that the producing party has so designated.

**Restriction on Use of Produced Information**

7. All documents, transcripts or other materials subject to this Order within the scope of Fed. R. Civ. P. 34, and all information derived therefrom (including, but not limited to, all testimony, deposition, or otherwise, that refers, reflects or otherwise discusses any information designated Confidential hereunder), shall not be used, directly or indirectly, by any person for any business, commercial, or competitive purposes or for any purpose whatsoever other than solely for the preparation and trial of this action in accordance with the provisions of this Order.

8. Nothing herein shall affect or restrict the rights of any party with respect to its own documents or to the information obtained or developed independently of documents, transcripts, and materials afforded confidential treatment pursuant to this Order.

9. Nothing in this Order shall prevent a party from using at trial any information or materials designated "Confidential."

**Disclosure of Protected Information**

10. "Confidential" information shall not be disclosed by the receiving party to any person or entity except in accordance with the terms of this Order.

11. "Confidential" information may be disclosed, summarized, described, characterized, or otherwise communicated or made available, in whole or in part, only to the following persons who have an actual need to have access to "Confidential" information for use in this litigation:

-3-

(a) a party's in-house counsel and retained outside counsel and their respective staff, provided they are assisting in the prosecution or defense of this action;

(b) outside experts and consultants, and their respective staff, retained to assist the parties or their counsel as consultants or expert witnesses for the purpose of this litigation, subject to the restrictions set forth in Paragraph 14 of this Order;

(c) any party or employees of any receiving party who are assisting counsel in this action, subject to the restrictions set forth in Paragraph 14 of this Order;

(d) any person identified as an author or recipient of a document, or who otherwise has or has had lawful possession of the document or information, subject to the restrictions set forth in Paragraph 14 of this Order;

(e) deponents in this litigation, subject to the restrictions set forth in Paragraph 14 of this Order;

(f) the Court or any personnel of the Court, and any court reporters or videographers retained to record and/or transcribe trial or deposition testimony in this action; and

(g) personnel of photocopy, graphics, litigation, or jury consulting firms engaged by a party in connection with this litigation.

12. All persons who are given access to information pursuant to Paragraphs 11(b), 11(c), 11(d), or 11(e) may obtain access to "Confidential" information only after such persons have confirmed their understanding and agreement to abide by the terms of this Order by signing a copy of the Declaration of Compliance attached as Exhibit A to this Order.

13. A deponent at his or her deposition may be shown "Confidential" information even if the witness does not otherwise qualify for access to the information. Such a

deponent, however, may not retain a copy of any portion of the deposition or exhibits to the deposition referencing or containing the "Confidential" information about which the deponent was questioned.

14. Should one or more counsel of record wish to disclose any "Confidential" information produced by another party to a person not authorized by this Protective Order to review such "Confidential" information, said counsel shall first provide counsel of record for the producing party with a clear, complete and concise statement of the reason for the proposed disclosure by written notice at least ten (10) business days prior to the proposed disclosure. The requesting counsel of record must include the name, address and business or professional affiliation and title (e.g., officer, director, etc.) of such person in the written notice. If counsel of record for the producing party objects in writing to the disclosure within said ten (10) business day period, then the party requesting consent shall not proceed with the proposed disclosure, the parties shall engage in good faith efforts to resolve the matter informally and, if those efforts should fail, the party wishing to disclose the material as "Confidential" may seek relief from the Court.

15. Counsel of record for each party shall maintain the original signed Declarations of Compliance.

16. The parties may designate preliminarily the deposition testimony and exhibits (or portions thereof) of any witness in the litigation as "Confidential" at the time of the deposition by advising the reporter and all parties of such fact during the deposition. If any portion of a videotaped deposition is designated pursuant to this Paragraph, the videocassette, CD, DVD, or other digital media container shall be labeled with the appropriate legend. Unless a shortened time period is requested as set forth below, within twenty-one (21) days of receipt of

COI-221512589v2

a transcript, the deponent, his/her counsel, or any other party may re-designate appropriate portions of the transcript "Confidential."  The deponent, his/her counsel, or any other party shall list on a separate piece of paper the numbers of the pages of the deposition transcript containing "Confidential" information and serve the same on opposing counsel.  Pending such designation, the entire deposition transcript, including exhibits, shall be deemed "Confidential" information, as preliminarily designated.  If no re-designation is made within twenty-one (21) days after receipt of the transcript, the transcript shall be considered not to contain any "Confidential" information.  A party may reasonably request a shortening of the time period within which a confidentiality designation for a deposition transcript must be made for the purpose of conducting effective discovery, and consent to such a request shall not be unreasonably withheld.  In the event of a dispute as to a request for a shortened time period, the parties shall first try to dispose of such dispute in good faith on an informal basis.  If the dispute cannot be resolved, the party requesting the shortened time period may request appropriate relief from the Court.  The parties agree, subject to Court approval, that such relief can be in the form of a telephone conference to be scheduled at the Court's earliest convenience with the objective of obtaining an immediate resolution of the dispute.

### Designation of Confidentiality

17.    The designation of information as "Confidential" for the purposes of this Order shall be made by making the first page of the document and each succeeding page of the document that contains the "Confidential" information with an appropriate stamp, sticker, or other indicia in substantially the following form:

**CONFIDENTIAL**

18.    In the event that any party to this litigation or any interested member of the public disagrees at any point in these proceedings with any designation made under this

Order, the parties shall first try to resolve such dispute in good faith on an informal basis through discussion with the attorney or unrepresented party seeking discovery in accordance with Local Rule 37.1.  If the dispute cannot be resolved, then the party or interested member of the public objecting to the designation, at his own expense, may seek appropriate relief from this Court.  During the pendency of any challenge to the designation of a document or information, the designated document or information shall continue to be treated as "Confidential" subject to the provisions of this Order.

### Court Filings and Proceedings

19. A party seeking to file any "Confidential" information must seek leave of Court to file documents under seal.  Leave will only be granted upon a showing of good cause to file the documents under seal.  If leave is obtained, then a party may file the documents with the Clerk in compliance with Local Rule 79.3.  Where practicable, a redacted version of the document will be filed on the public record.

20. Any party, or any interested member of the public, may challenge through appropriate motion practice the propriety of maintaining the confidentiality of any document filed or presented pursuant to Paragraph 19 above.

21. To the extent any dispute arises about the propriety of filing any document under seal, maintaining any document under seal, or presenting any document *in camera* pursuant to Paragraph 19 above, it shall be the responsibility of the party that designated the document "Confidential" to undertake any steps necessary to defend the document's confidential and/or sealed status.

### Inadvertent Production or Disclosure

22. Inadvertent production of documents or things shall not constitute a waiver of confidentiality.

23. If a producing party inadvertently produces or discloses documents or other information without the proper designation of confidentiality, the producing party may nevertheless assert the confidentiality of the documents or information by a written notification to the receiving party that specifically identifies the document or information and its designation as "Confidential."  The parties shall thereafter treat the documents or information as "Confidential."  When information not initially designated as "Confidential" is later so designated, each party shall make a reasonable effort to retrieve documents containing the later-designated "Confidential" information and shall make reasonable efforts to obtain the agreement of persons to whom the disclosure of such information may have been made to treat such information as "Confidential," but no sanctions shall be imposed upon a party for any disclosure made before receipt of the written notification of the designation.

24. The parties hereby stipulate to the following treatment of any privileged or work product materials inadvertently disclosed in this action.  The parties agree that disclosure of information protected by any privilege in this litigation shall not constitute a waiver of any otherwise valid claim of privilege, and failure to assert a privilege in this litigation as to one document or communication shall not be deemed to constitute a waiver of the privilege as to any other document or communication allegedly so protected, even involving the same subject matter.  The parties agree that any inadvertent inclusion of any privileged or work product material in a production in this action shall not result in the waiver of any associated privilege or protective doctrine nor result in a subject matter waiver of any kind.  If any such material is inadvertently produced, the recipient of the document agrees that, upon request from the producing party, it will promptly return all copies of the document in its possession, delete any versions of the documents on any database it maintains, and make no use of the information

-8-

contained in the document provided, however, that the party returning such document shall thereafter have the right to apply to the Court for an order that such document was not protected (prior to the inadvertent disclosure) from disclosure by any privilege or doctrine.  The parties acknowledge and stipulate that diligent steps have been taken to protect privileged/protected documents from disclosure, and that any production of privileged material or material protected by the work-product doctrine is deemed inadvertent and does not amount to a waiver.

### Third-Party Information

25. Third parties who are requested to produce documents or things or provide testimony in this action may avail themselves of the provisions of this Order by endorsing it and may designate and produce documents, things or testimony containing "Confidential" information in accordance with its provisions without further action by the Court.

### Miscellaneous

26. Within sixty (60) days after the final termination of this litigation, all documents, transcripts or other materials afforded confidential treatment pursuant to this Order, including any extracts, summaries or compilations taken therefrom, but excluding any materials which in the good faith judgment of counsel are work product materials (for example, counsel's notes, but in no case should copies of the documents be retained), shall be returned to the individual or entity having produced or furnished same.  Provided, however, that this foregoing Paragraph expressly does not apply to any confidential material filed with the Court, which material will be disposed of in accordance with Local Rule 79.3(c).

27. Entering into, agreeing to, and complying with the terms of this Order and/or producing or receiving "Confidential" information shall not:

    (a) operate as an admission that any particular "Confidential" information contains or reflects trade secrets or any other type of confidential information;

    (b) prejudice in any way the rights of a producing party to objection to the production of documents or information that the producing party considers not subject to discovery; or

    (c) prevent the parties under this Order from agreeing to alter or waive the provisions or protections provided for in this Order with respect to any particular information.

  28. If any person qualified to obtain "Confidential" information under this Order, or their agents or representatives, should receive any request for "Confidential" information received by that person in this action, whether through formal compulsory process or lawful authority of the court or otherwise, such person, agent, or representative, before responding, promptly shall serve written notice of the request on counsel for all parties to this Order to allow the producing party or parties to move for an appropriate court or tribunal for a ruling regarding the necessity of complying with the request.  Absent a ruling from the appropriate court or tribunal on such a motion, the person or party receiving the request for information shall not produce any such information and shall thereafter produce the information only insofar as the court or tribunal may direct.

  29. Upon final termination of this action, whether by final judgment, settlement, dismissal, or other final disposition, the provisions of this Order shall continue to be binding upon all parties, persons, or entities who are subject to its terms, and the Court shall retain jurisdiction over the parties and the subject matter for the purpose of enforcing this Order.

  30. Any party may apply to the Court at any time for relief from any provision of this Order.

31. Any party may apply to the Court for additional protection or disclosure beyond the terms of this Order with respect to "Confidential" information, as that party may consider appropriate.

32. The Court retains the right to allow disclosure of any subject covered by this Order or to modify this Order at any time in the interest of justice.

33. The parties agree to be bound by this Order pending the execution and issuance of this Order by the Court.

Date: December 3, 2014

| | |
|---|---|
| s/ Tod J. Thompson by s/Tonya Braun per written authority<br>Tod J. Thompson (0076446)<br>tod@tthompsonlaw.com<br>810 Sycamore St.<br>Cincinnati, Ohio 45202<br><br>Attorney for Plaintiff | s/ Tonya B. Braun<br>Tonya B. Braun (0075048)<br>tbraun@jonesday.com<br>Elizabeth L. Dicus (0081219)<br>eldicus@jonesday.com<br>JONES DAY<br>Street Address:<br>  325 John H. McConnell Boulevard,<br>  Suite 600<br>  Columbus, OH 43215-2673<br>Mailing Address:<br>  P.O. Box 165017<br>  Columbus, OH 43216-5017<br>Telephone:   (614) 469-3939<br>Facsimile:   (614) 461-4198<br><br>Attorney for Defendants<br>EveryWare Global, Inc. and<br>Anchor Hocking, LLC |

COI-221512589v2

Signed the 8th day of December, 2014.

      **It is so ORDERED.**

                                          <u>s/Mark R. Abel</u>
                                          The Honorable Mark R. Abel
                                          United States Magistrate Judge

# EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| **Robin Enman,** | |
| **Plaintiff,** | Case No. 2:14-cv-00474 |
| v. | Judge: George C. Smith |
| **EveryWare Global, Inc. and Anchor Hocking, LLC,** | Magistrate Judge: Mark R. Abel |
| **Defendants.** | |

## **DECLARATION OF COMPLIANCE**

I, (print or type full name) _____, declare under penalty of perjury under the laws of the United States of America that the following statements are true and correct:

1. I reside in _____ County, in the state of _____. I am employed by (state name and address of employer) _____ as (state position) _____.

2. I have read the Stipulated Protective Order entered in this case, a copy of which has been given to me.

3. I understand and agree to comply with and be bound by the provisions of the Stipulated Protective Order upon receipt of any "Confidential" information, document, or thing.

    4.  I will be personally subject to the Stipulated Protective Order and all of its requirements and procedures, and will be subject to the jurisdiction of the United States District Court for the Southern District of Ohio for enforcement of the Stipulated Protective Order.

Executed at _____ on this _____ day of _____, \_\_\_\_\_.

               _____
               (Signature)